13-3185
Bhandari v. Holder

BIA
Christensen, IJ
A200 890 903

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

PREM BAHADUR BHANDARI,
> *Petitioner,*

v.                                                      **13-3185**
                                                        **NAC**

1

**ERIC H. HOLDER, JR., UNITED STATES**
**ATTORNEY GENERAL,**
                *Respondent.*

_____

FOR PETITIONER:           Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

FOR RESPONDENT:         Anthony C. Payne, Senior Litigation Counsel (Stuart F. Delery, Assistant Attorney General, David V. Bernal, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Prem Bahadur Bhandari, a native and citizen of Nepal, seeks review of an August 5, 2013 order of the BIA affirming the November 21, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Prem Bahadur Bhandari*, No. A200 890 903 (B.I.A. Aug. 5, 2013), *aff'g* No. A200 890 903 (Immig. Ct. New York City Nov. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

I.     Credible Fear Interview

Initially, the agency reasonably found that the notes from Bhandari's credible fear interview were reliable and could be used to evaluate his credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004) (citations omitted); *see also Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). "Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility." *Ming Zhang*, 585 F.3d at 725.

Here, the required "hallmarks of reliability" were all present in the record of Bhandari's credible fear interview. The interview transcript was memorialized in a typewritten document reflecting the questions posed and answers given. *Ming Zhang*, 545 F.3d at 725. The interviewer asked questions that were plainly "designed to elicit an asylum claim," and when Bhandari stated

3

that the Maoists threatened and beat him, for example, the interviewer asked Bhandari several follow-up questions regarding how many times he was beaten, whether he was hospitalized, and how many times he was threatened. *Ramsameachire*, 357 F.3d at 180 (internal quotation marks omitted).

The record does not suggest that Bhandari was reluctant to reveal information to the interviewer "because of prior interrogation sessions" or past "coercive experiences." *Id.* Moreover, the BIA reasonably noted that Bhandari had the opportunity to consult with counsel and waived his right to representation multiple times. Finally, the interview was conducted with the aid of a Nepali interpreter over the phone, and Bhandari never suggested during the interview that he did not understand the interpreter. *See id.* at 181.

II. Adverse Credibility Determination

For asylum applications governed by the REAL ID Act, such as Bhandari's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-65. Here, a totality of the

4

circumstances, including the inconsistencies between Bhandari's credible fear interview and his asylum application and the lack of corroborating evidence, support the IJ's credibility determination.

The agency reasonably found that the notes from Bhandari's credible fear interview were inconsistent with his asylum application. When asked during the credible fear interview whether he was a member of any political party, Bhandari said no. He further confirmed that although his parents were members of the Nepali Congress Party, he did not know much about the party, and said that he only voted for the party once and only attended a single rally. His asylum application states, however, that he had been actively involved in the Nepali Congress Party since 1997.

Bhandari also stated during his credible fear interview that he was threatened by the Maoists on several occasions and beaten once. In his asylum application, however, Bhandari describes four different incidents in which he was beaten so badly that he required hospitalization. Bhandari also stated during the credible fear interview that the Maoists were targeting him because he refused to financially support their party when they visited his village, but his asylum application claims that the Maoists targeted him because of his

5

involvement in the Nepali Congress Party.

The IJ reasonably found Bhandari's explanation for the inconsistencies – that after he was released, he "came to realize" that the interpreter spoke a different dialect of Nepali from his own – unpersuasive. *Majidi v. Gonzales*, 430 F.3d 77, 79-80 (2d Cir. 2005).

Finally, Bhandari failed to provide corroborating evidence sufficient to rehabilitate his inconsistent testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably found that the letters Bhandari submitted were of limited weight because the authors of the various letters from individuals in Nepal were unavailable for cross-examination, and the letters from the Nepali Congress Party and the police were unauthenticated. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Given Bhandari's inconsistent and uncorroborated testimony, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying him asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk